UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORA COXIE and RICHARD T. COXIE, <br><br> Plaintiffs, <br><br> v. <br><br> THEREX, INC. and ABC INSURANCE COMPANY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, Defendant THEREX, INC. ("TherEx") notices the removal of the above-referenced civil action from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana to the United States District Court, Eastern District of Louisiana.  In support thereof, defendant states as follows:

1. Plaintiffs, both believed to be residents of the State of Louisiana, have filed a Petition for Damages in the 40th Judicial Court for the Parish of Jefferson, State of Louisiana on or about April 17, 2013 in the matter captioned *Nora Coxie and Richard T. Coxie v. Therex, Inc. and ABC Insurance Company; No. 64745; Div. "C."*  The Petition for Damages has not been served on TherEx, Inc.  A copy of the Petition for Damages is attached hereto as "Exhibit A."  No process, pleadings or orders have been served on Defendants related to this matter.

2. Counsel for defendant TherEx first received the Petition for Damages by mail on May 13, 2013. As of the date of the filing of this notice of removal, no other Defendants have been served. This Notice of Removal is timely because it is filed within thirty (30) days of service of process upon TherEx.

3. Defendant TherEx, Inc. is a Delaware corporation with a principal place of business in Tennessee.

4. As plaintiffs are Louisiana residents and TherEx, Inc. is a corporation organized under the laws of Delaware and headquartered in Tennessee, complete diversity exists as between these parties.

5. Removal is authorized by 28 U.S.C. §1441, and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the Plaintiffs and Defendants, and based on a fair reading of Plaintiffs' damages allegations, the amount in controversy exceeds $75,000.

6. Plaintiffs' Petition is silent on the amount of damages they seek. That silence is not significant to this removal, however, because Louisiana law ordinarily does not permit a plaintiff to plead a specific amount of money damages. *See* La. Code Civ. Proc. art. 893 (A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand"). Here, despite the Petition's silence on damages sought, it is apparent from the allegations that the amount in controversy could reasonably exceed $75,000. Plaintiff claims torn ligaments, permanent knee damage, and additional knee surgery were caused by TherEx' negligence. Plaintiff's medical bills provided are $135,801.08.

7.   When the Plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant can satisfy this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. *Stevenson v. State Farm Mutual Automobile Insurance Company*, 2012 WL 1565312, *2 (E.D.La. May 1, 2012) (citing *Allen v. R&H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

8.   Here, a fair reading of plaintiffs' Petition establishes that plaintiff is seeking damages in excess of $75,000 for her injuries. Plaintiff claims "permanent nerve damage, delayed healing process, additional surgery, and other damages including loss of enjoyment of life, medical expenses, pain and suffering, future pain and suffering, future loss of enjoyment of life, and several other damages which will be proven at trial." Exhibit A, Paragraph X. TherEx also provides, as "Exhibit B" a copy of the summation of plaintiff's medical bill from River Parishes Hosiptal for $135,801.08.

9.   The Fifth Circuit has found the amount in controversy to have been met in cases involving similar injuries. For example, in *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir., 2003), the court found that a $75,000 amount in controversy was facially apparent where an elderly lady had alleged a broken hip that had to be treated with screws. In *Gebbia v. Wal-Mart Stores Inc.*, 233 F.3d 880 (5th Cir., 2000), the plaintiff in slip and fall accident met the "facially apparent" test for amount in controversy. *Id*. at 883 ("In this action, Plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and

suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.").

10.     Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal will be filed with the Clerk of the 40th Judicial District Court for the Parish of John the Baptist, State of Louisiana, and copies will be served on all parties.

11.     Defendants request a trial by jury.

WHEREFORE, Defendants respectfully remove this action from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to this Court.

                              Deutsch, Kerrigan & Stiles, L.L.P.

                              /S/ Isaac H. Ryan
                              Robert E. Kerrigan, Jr. (#7350)
                              Isaac H. Ryan (#23925)
                              John Jerry Glas (#24434)
                              755 Magazine Street
                              New Orleans, LA 70130
                              Telephone: (504) 581-5141
                              Attorneys for TherEx, Inc.