40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST JOHN THE BAPTIST
STATE OF LOUISIANA

NO. 64745

DIVISION "C"

NORA COXIE AND RICHARD T. COXIE

VS.

THEREX, INC. & ABC INSURANCE COMPANY

Filed: Apr 10, 2013 4:14 PM

126310713

DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, Nora Coxie,

and Richard T. Coxie, residents of the City of LaPlace, Parish of St. John the Baptist,

State of Louisiana, for the purpose of filing this lawsuit against the following named

defendants. Plaintiffs are both persons of full age of majority and authorized to file this

lawsuit pursuant to Louisiana Code of Civil Procedure and all applicable Articles

I.

Made defendants herein are:

1. TherEx, Inc., a healthcare provider authorized to do and doing business in the
City of LaPlace, Parish of St. John the Baptist, State of Louisiana, which was
at all times and unqualified healthcare provider pursuant to the Rules of
Louisiana Medical Malpractice Act and the State of Louisiana.

2. ABC Insurance Company, believed to be a foreign insurance company
authorized to do and doing business in the State of Louisiana, which was at all
times the professional liability carrier for TherEx, Inc.

II.

Petitioners submit that the defendants are liable jointly, severally, and in solido,

for any and all damages suffered herein by plaintiffs.

1

### III.

Plaintiffs submit that a companion medical malpractice complaint has been filed against River Parishes Hospital, which was at all times, allegedly, a qualified healthcare provider, and is also responsible for any damages suffered herein by plaintiffs, jointly, severely, and in solido with any and all other defendants named in this matter, including the above listed defendants.

### IV.

Plaintiffs submit that TherEx is the exclusive provider of rehabilitation services and physical therapy at River Parishes Hospital, and provided care to Mrs. Coxie herein. Plaintiffs allege that on or about November 2, 2011 she was scheduled for right knee replacement which was performed by Dr. William Johnson of River Parishes Hospital. After the surgery was complete, the patient was transferred to a private room and physical therapy was present. Physical therapy, and/or TherEx, and/or its employees and/or staff, were designated to provide physical therapy to the patient.

### V.

Dr. Johnson, saw the patient after surgery. Also present was the physical therapist, namely TherEx who was told by Dr. Johnson that they were to assist Mrs. Coxie with walking and physical therapy, and Mrs. Coxie was only to walk with the help of physical therapist. Mrs. Coxie was told that a bed pan would not be provided, and that if she needed to use the restroom, that she should request assistance to the restroom.

### VI.

TherEx, changed the doctor's orders, and told Mrs. Coxie that if she needed to use the restroom, she was to walk to the restroom and use such on her own.

### VII.

On the night of the surgery, Mrs. Coxie needed to use the restroom and continually hit her call button for assistance. Despite several attempts and assurances that someone would be coming, no one ever arrived. As a result, Mrs. Coxie, unable to wait any longer, was assisted to the restroom by her husband. However, during the trip, her leg gave out and she fell.

## VIII.

Mrs. Coxie was advised, after MRI's were taken, that she had torn ligaments and needed additional surgery on her left knee. Furthermore, Dr. Johnson explained that assistance should have been provided and that TherEx should never have told Mrs. Coxie to ambulate on her own without trained personnel.

## IX.

Physical therapy, namely TherEx, and/or its employees and/or staff returned the next day and apologized for instructing Mrs. Coxie to walk on her own. Mrs. Coxie alleges that members of TherEx admitted to Mrs. Coxie that she should have received help and should not have ambulated without assistance. The physical therapist requested that she be allowed to continue to provide physical therapy to Mrs. Coxie, however, Mrs. Coxie stated that she would no longer rely upon them and needed new physical therapist to assist her.

## X.

As a result of the negligence of TherEx and/or its employees and/or its staff, and/or the negligence of River Parishes Hospital and/or its nurses and/or its staff, Mrs. Coxie suffered permanent nerve damage, delayed healing process, additional surgery, and other damages including loss of enjoyment of life, medical expenses, pain and suffering, future pain and suffering, future loss of enjoyment of life, and several other damages which will be proven at trial.

## XI.

Pursuant to the Medical Malpractice Act, an Amended Complaint was filed against TherEx, after petitioners were advised that TherEx was not employed by the hospital. The Complaint was filed on February 26, 2013. In March of 2013, Mrs. Coxie was advised, by the PCF, that TherEx was non-qualified. Pursuant to Louisiana Medical Malpractice Act this civil lawsuit is being filed timely and pursuant to the rules of La. R.S. 40:1299.41 *et seq.*, suit against TherEx as a non-qualified healthcare provider.

## XII.

Petitioners submit that at all times TherEx was provided coverage by ABC Insurance Company, for its acts of professional misconduct, and/or breaches of the applicable standards of care.  As such, ABC Ins. Co. is liable jointly, severely and in solido with TherEx, Inc.

## XIII.

Mr. Coxie, as a result of Mrs. Coxie's injuries, suffered loss of consortium damages herein. Furthermore, at all relevant times Mr. and Mrs. Coxie were married pursuant to the laws of Louisiana, and as such, Mr. Coxie has his separate claim for loss of enjoyment of life, as well as for damages suffered as a result of witnessing Mrs. injury and her pain and suffering.  Mr. Coxie was present at the time of the injury and is thus entitled to LeJeune damages pursuant to Louisiana law.

## XIV.

Petitioners submits that they are entitled to Trial by Jury on all issues raised herein, and pray for Trial by Jury.

## XV.

Petitioners deny any and all comparative and/or contributory negligence in this matter, and submit that the sole causes of Mrs. Coxie's injuries and Mr. Coxie's injuries, were the actions of TherEx, its employees and/or staff, and/or other defendants who are subject to the medical review panel.

WHEREFORE, petitioners pray that this lawsuit be deemed good and sufficient, and after all due proceedings be had, there by Judgment rendered herein in favor of the petitioners and against the defendants, holding the defendants liable for any and all damages suffered herein by petitioners including but not limited to legal interest from the date of judicial demand, all cost, and any and all damages which are equitable and allowed by Louisiana law.

Respectfully Submitted:

Walker Daly LLP
J/Michael Daly, Jr., Bar No. 19539
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-5700
Facsimile: (504) 846-5722

APR-10-2013  04:14          WALKER DALY, LLP              504 846 5722        P.01/06



# WALKER DALY LLP
### ATTORNEYS AND COUNSELLORS AT LAW

3939 NORTH CAUSEWAY BOULEVARD
SUITE 200
METAIRIE, LOUISIANA 70002
TELEPHONE: (504) 846-5700
FACSIMILE: (504) 846-5722

J. MICHAEL DALY, JR.
PARTNER
EMAIL: MICHAELDALYLAW@GMAIL.COM

BATON ROUGE OFFICE
7949 JEFFERSON HIGHWAY
SUITE G
BATON ROUGE, LOUISIANA 70809
TELEPHONE: (225) 926-9926
FACSIMILE: (225) 926-9920

*Filed By Fax*

April 10, 2013

Via Facsimile:  985-497-3972
Clerk of Court
40th JDC
Parish of St. John the Baptist
2393 LA Highway 18 (River Road)
Edgard, LA 70049

Eliana DeFrancesch - Clerk of Court
Filed: Apr 10, 2013  4:14 PM

||||||||||||||||||||||||||
126310721

Re:    Nora Coxie and Richard T. Coxie vs. TherEx et al
       40th JDC
       Our File No. 1958

Dear Clerk:

    Attached for fax filing is our Petition for Damages which I would appreciate your filing into the captioned matter. Once I receive your facsimile transmission receipt advising of your filing fee we will forward the originals and our check within five (5) days.

    Thank you and please contact my office should you have any questions.

Sincerely,

*J. Michael Daly, Jr.*

J. Michael Daly, Jr.

JMD/cdm
Enclosure

Transmission Report

Date/Time 04-11-2013 07:13:55 a.m. Transmit Header Text
Local ID 1 985 653 8468 Local Name 1 ST. JOHN PARISH CLERK OF COURT

This document : Confirmed
(reduced sample and details below)
Document size : A4

Total Pages Scanned : 1 Total Pages Confirmed : 1

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 430 | 504 846 5722 | 07:13:02 a.m. 04-11-2013 | 00:00:12 | 1/1 | 1 | EC | HS | CP28801 |

Abbreviations:
HS: Host send
HR: Host receive
WS: Waiting send
PL: Polled local
PR: Polled remote
MS: Mailbox save
MP: Mailbox print
RP: Report
FF: Fax Forward
CP: Completed
FA: Fail
TU: Terminated by user
TS: Terminated by system
G3: Group 3
EC: Error Correct

**CIVIL FAX FILING CONFIRMATION**
**FAX # (985) 497-3972**

DATE: 4/11/2013

Coxie

VS. NO. 64745 DIV. C

Therex Inc., et al.

TO: J. Daly FAX: (504) 846-5722

ITEMS RECEIVED:
Petition for Damages

AMOUNT DUE: (includes the filing fee $5.00 for first page and $1.00 each add'l pg): $256 -Clerk
_____ -Sheriff
_____ -Secretary Of State

The Clerk of Court's office received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850(B), the original and applicable fees should be forwarded to this office within seven (7) days.

In accordance with 13:850(B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX. ISSUANCE BY ORIGINAL REQUEST ONLY!

PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL. IF FILING IN PERSON, NOTIFY CLERK OF PREVIOUS FAX.

Megan Araw
DEPUTY CLERK OF COURT

# ST. JOHN CLERK OF COURT

**ELIANA DEFRANCESCH**
**CLERK OF COURT**

2393 HWY 18
P.O. BOX 280
EDGARD, LA. 70049
985-497-3331

## CIVIL FAX FILING CONFIRMATION
### FAX # (985) 497-3972

DATE: 4/11/2013

Coxie

VS. NO. 64745 DIV. C

Therex, Inc., et al.

TO: J. Daly        FAX: (504) 846 - 5722

ITEMS RECEIVED:
Petition for Damages

**AMOUNT DUE:** (includes fax filing fee $5.00 for first page and $1.00 each ad'a pg): $256   -Clerk
                                                                         _____ -Sheriff
                                                                         _____ -Secretary
                                                                                  Of State

The Clerk of Court's office received, by facsimile transmission, documents in the
above referenced case. It has been filed as of this date. In accordance with R.S.
13:81(B), the original and applicable fees should be forwarded to this office within
seven (7) days.

In accordance with 13:850(B) (3), a transmission fee of $5.00 should be forwarded to
the Clerk of Court with the original document. The fax filing fee is necessary even if
filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT UNTIL
THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED IN THIS
OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX.
ISSUANCE BY ORIGINAL REQUEST ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL. IF FILING IN
PERSON, NOTIFY CLERK OF PREVIOUS FAX.**

Megan Araw
**DEPUTY CLERK OF COURT**

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST JOHN THE BAPTIST
STATE OF LOUISIANA

NO. 64745                                    DIVISION " C

NORA COXIE AND RICHARD T. COXIE

VS.

THEREX, INC. & ABC INSURANCE COMPANY

Eliana DeFrancesch - Clerk of Court
FILED: ___Filed: Apr 17, 2013  10:37 AM___        _____
                                                            DEPUTY CLERK
          ‖‖‖‖‖‖‖‖‖‖‖‖‖‖
                    126319474

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, Nora Coxie,

and Richard T. Coxie, residents of the City of LaPlace, Parish of St. John the Baptist,

State of Louisiana, for the purpose of filing this lawsuit against the following named

defendants.  Plaintiffs are both persons of full age of majority and authorized to file this

lawsuit pursuant to Louisiana Code of Civil Procedure and all applicable Articles

I.

Made defendants herein are:

1. TherEx, Inc., a healthcare provider authorized to do and doing business in the
   City of LaPlace, Parish of St. John the Baptist, State of Louisiana, which was
   at all times and unqualified healthcare provider pursuant to the Rules of
   Louisiana Medical Malpractice Act and the State of Louisiana.

2. ABC Insurance Company, believed to be a foreign insurance company
   authorized to do and doing business in the State of Louisiana, which was at all
   times the professional liability carrier for TherEx, Inc.

II.

Petitioners submit that the defendants are liable jointly, severally, and in solido,

for any and all damages suffered herein by plaintiffs.

1

### III.

Plaintiffs submit that a companion medical malpractice complaint has been filed against River Parishes Hospital, which was at all times, allegedly, a qualified healthcare provider, and is also responsible for any damages suffered herein by plaintiffs, jointly, severely, and in solido with any and all other defendants named in this matter, including the above listed defendants.

### IV.

Plaintiffs submit that TherEx is the exclusive provider of rehabilitation services and physical therapy at River Parishes Hospital, and provided care to Mrs. Coxie herein. Plaintiffs allege that on or about November 2, 2011 she was scheduled for right knee replacement which was performed by Dr. William Johnson of River Parishes Hospital. After the surgery was complete, the patient was transferred to a private room and physical therapy was present. Physical therapy, and/or TherEx, and/or its employees and/or staff, were designated to provide physical therapy to the patient.

### V.

Dr. Johnson, saw the patient after surgery. Also present was the physical therapist, namely TherEx who was told by Dr. Johnson that they were to assist Mrs. Coxie with walking and physical therapy, and Mrs. Coxie was <u>only</u> to walk with the help of physical therapist. Mrs. Coxie was told that a bed pan would not be provided, and that if she needed to use the restroom, that she should request assistance to the restroom.

### VI.

TherEx, changed the doctor's orders, and told Mrs. Coxie that if she needed to use the restroom, she was to walk to the restroom and use such on her own.

### VII.

On the night of the surgery, Mrs. Coxie needed to use the restroom and continually hit her call button for assistance. Despite several attempts and assurances that someone would be coming, no one ever arrived. As a result, Mrs. Coxie, <u>unable</u> to wait any longer, was assisted to the restroom by her husband. However, during the trip, her leg gave out and she fell.

2

VIII.

Mrs. Coxie was advised, after MRI's were taken, that she had torn ligaments and needed additional surgery on her left knee. Furthermore, Dr. Johnson explained that assistance should have been provided and that TherEx should never have told Mrs. Coxie to ambulate on her own without trained personnel.

IX.

Physical therapy, namely TherEx, and/or its employees and/or staff returned the next day and apologized for instructing Mrs. Coxie to walk on her own. Mrs. Coxie alleges that members of TherEx admitted to Mrs. Coxie that she should have received help and should not have ambulated without assistance. The physical therapist requested that she be allowed to continue to provide physical therapy to Mrs. Coxie, however, Mrs. Coxie stated that she would no longer rely upon them and needed new physical therapist to assist her.

X.

As a result of the negligence of TherEx and/or its employees and/or its staff, and/or the negligence of River Parishes Hospital and/or its nurses and/or its staff, Mrs. Coxie suffered permanent nerve damage, delayed healing process, additional surgery, and other damages including loss of enjoyment of life, medical expenses, pain and suffering, future pain and suffering, future loss of enjoyment of life, and several other damages which will be proven at trial.

XI.

Pursuant to the Medical Malpractice Act, an Amended Complaint was filed against TherEx, after petitioners were advised that TherEx was not employed by the hospital. The Complaint was filed on February 26, 2013. In March of 2013, Mrs. Coxie was advised, by the PCF, that TherEx was non-qualified. Pursuant to Louisiana Medical Malpractice Act this civil lawsuit is being filed timely and pursuant to the rules of La. R.S. 40:1299.41 *et seq.*, suit against TherEx as a non-qualified healthcare provider.

3

XII.

Petitioners submit that at all times TherEx was provided coverage by ABC Insurance Company, for its acts of professional misconduct, and/or breaches of the applicable standards of care.  As such, ABC Ins. Co. is liable jointly, severely and in solido with TherEx, Inc.

XIII.

Mr. Coxie, as a result of Mrs. Coxie's injuries, suffered loss of consortium damages herein. Furthermore, at all relevant times Mr. and Mrs. Coxie were married pursuant to the laws of Louisiana, and as such, Mr. Coxie has his separate claim for loss of enjoyment of life, as well as for damages suffered as a result of witnessing Mrs. injury and her pain and suffering.  Mr. Coxie was present at the time of the injury and is thus entitled to LeJeune damages pursuant to Louisiana law.

XIV.

Petitioners submits that they are entitled to Trial by Jury on all issues raised herein, and pray for Trial by Jury.

XV.

Petitioners deny any and all comparative and/or contributory negligence in this matter, and submit that the sole causes of Mrs. Coxie's injuries and Mr. Coxie's injuries, were the actions of TherEx, its employees and/or staff, and/or other defendants who are subject to the medical review panel.

WHERFORE, petitioners pray that this lawsuit be deemed good and sufficient, and after all due proceedings be had, there by Judgment rendered herein in favor of the petitioners and against the defendants, holding the defendants liable for any and all damages suffered herein by petitioners including but not limited to legal interest from the date of judicial demand, all cost, and any and all damages which are equitable and allowed by Louisiana law.

4

985 653 8468                                    02:27:32 p.m.    06-04-2013    14 /15

Respectfully Submitted:

Walker Daly LLP
J. Michael Daly, Jr., Bar No. 19539
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-5700
Facsimile: (504) 846-5722

5

40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST JOHN THE BAPTIST
STATE OF LOUISIANA

NO. 64745                         DIVISION " C

NORA COXIE AND RICHARD T. COXIE

VS.

THEREX, INC. & ABC INSURANCE COMPANY

Eliana DeFrancesch - Clerk of Court
FILED:_____ Filed: Apr 17, 2013 10:37 AM

128319482            DEPUTY CLERK

**INTERROGATORIES**

TO:   TherEx, Inc.
      Through their attorney of record
      Robert Kerrigan
      Deutsch, Kerrigan & Stiles
      755 Magazine Street
      New Orleans, Louisiana 70130

      NOW INTO COURT,    through undersigned counsel, come plaintiff, Nora Coxie, who

propounds the following Interrogatories to be answered, individually, within the legal time delays

provided by law, as follows:

**INTERROGATORY NUMBER 1:**

      Please identify the name(s) of the individuals at TherEx, Inc. who provided physical therapy

at any and all relevant times to Mrs. Coxie.

                           Respectfully Submitted:

                           J. MICHAEL DALY, JR., #19539
                           BRADFORD H. WALKER, # 13168
                           WALKER DALY LLP
                           3939 N. Causeway Blvd., Suite 200
                           Metairie, LA 70002
                           Telephone: (504) 846-5700
                           Facsimile: (504) 846-5722

**CERTIFICATE OF SERVICE**

      Undersigned counsel hereby certifies that a copy of the above and foregoing has been

forwarded to all counsel of record by depositing same in the U.S. Mail postage prepaid and properly

addressed this ___11___ day of April 2013.

                           J. MICHAEL DALY, JR.

1